## Case No. 5,375.

### GEYGER'S LESSEE v. GEYGER.

[2 Dall. 332.]

Circuit Court, D. Pennsylvania. 1795.

PRACTICE—PRODUCTION OF BOOKS, ETC.—SERVICE OF NOTICE ON ATTORNEY.

[Requiring the production of books and papers "on motion and due notice," pursuant to the statute, is a procedure to be kept under the control of the court for the purposes of substantial justice. And where notice to produce deeds is served on the attorney of a party who lives at a distance, and the attorney offers to give references to the pages, etc., where the deeds are recorded, this is sufficient, without service on the party himself.]

[Cited in Rockhill v. Hanna, Case No. 11,979.]

A rule has been obtained by the plaintiff [Geyger's lessee], requiring the defendant to shew cause why an order should not be made for the production of certain deeds and papers on the trial of this cause, agreeably to the provision of the 15th section of the judicial act [of 1789 (1 Stat. 73)], and now, on proof that a copy of the rule was served on the defendant's attorney, it was moved to make the same absolute. But, for the defendant, it was contended, that the notice of the rule should have been given to the party, and not to his attorney. In Rivers v. Walker, 1 Dall. [1 U. S.] 81, notice, in the case of referees, is directed to be given to the party; and the reason is stronger in the present instance, as the defendant lives at a great distance, and the attorney ought not to be put to the trouble and expence of transmitting the notice. Besides, there is no certificate produced that the deeds are not on record; and the fact is that they are recorded; so that the plaintiff might, at any time, procure exemplifications.

Levy & Blair, for plaintiff.
Tilghman & Armstrong, for defendant.

BY THE COURT. The provision contained in the judicial act was intended to prevent the necessity of instituting suits in equity, merely to obtain from an adverse party the production of deeds and papers relative to the litigated issue. The act says, generally, that the court shall have power, "on motion and due notice thereof being given, to require the parties to produce books or writings, &c." without designating to whom the notice shall be given, the party himself, or his attorney. But we will always keep the cause under our control for the purposes of substantial justice, and never suffer either party to be entrapped. If,

for instance, notice is served on an attorney, whose client lives at a great distance, this will always be deemed a sufficient reason to postpone the trial, "till a full opportunity has been afforded for the attorney's communicating the rule to the client." If, likewise, the court find that the deeds are actually on record, we will not indulge the party with a rule for producing them, merely as a cheap mode of procuring evidence. The originals may sometimes, indeed, be necessary, for a special reason, detached from the evidence; but, in that case, the special reason must be assigned to the court.

The defendant's counsel offering to refer their opponents to the pages, &c. where the deeds in question are recorded, the court declared that this put an end to the matter; but added, that if it was not satisfactorily done, they would not allow the cause to be brought to trial.