## Case No. 9,339.

### MAYE v. CARBERY.

[2 Cranch, C. C. 336.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

TRIAL—NOTICE TO PRODUCE PAPERS — JUDGMENT BY DEFAULT—EVIDENCE—WRITTEN INSTRUMENT—SECONDARY AFFIDAVIT.

1. Judgment by default, for not producing at the trial a paper which the defendant has been notified to produce, cannot be rendered unless there is a previous order of the court to produce it, founded upon a motion and notice.

[Cited in Gregory v. Chicago, M. & St. P. R. Co., 10 Fed. 530.]

[See Bank of U. S. v. Kurtz, Case No. 920; Bas v. Steele, Id. 1,088.]

2. Before secondary evidence of a written instrument can be given, the court must be satisfied by the affidavit of the party offering it, or otherwise, that the supposed original paper did once exist, and that it is not in his power to produce it.

Replevin. Rent arrear, and issue.

The plaintiff, having given notice to the defendant to produce the original, offered to read in evidence to the jury, a copy of a paper in the handwriting of the deceased subscribing witness.

Mr. Taney, for defendant, objected; stating that his client had not the original.

THE COURT (nem. con.) decided that the plaintiff was not entitled to judgment by default, under the 15th section of the judiciary act of 1789 (1 Stat. 73), because he had not given notice of a motion to the court for an order to compel the defendant to produce the paper. And that the plaintiff must lay the foundation for his secondary evidence, by satisfying the court by his own affidavit, or otherwise, that the original once existed, and that it was not in his power to produce it.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]