Circuit Court, District of Columbia. Oct. Term, 1823.

PRODUCTION OF BOOKS AND PAPERS—INCORPORATION OF BANKS IN DISTRICT OF COLUMBIA—MISNOMER OF CORPORATION—PLEA IN ABATEMENT.

1. Upon motion of the plaintiff, and notice, the court will order the defendant to produce books and papers on a certain day before the trial, that the plaintiff may have an opportunity to inspect them.

[Cited in U. S. v. Youngs, Case No. 16,783.]

2. The act of congress of the 3d of March, 1817 [3 Stat. 383], entitled "An act to incorporate the subscribers to certain banks in the District of Columbia, and to prevent the circulation of the notes of unincorporated associations within the said district." is a public law; and the corporate name of the bank incorporated by the 23d section thereof, is "The Central Bank of Georgetown and Washington," and not "The President and Directors of the Central Bank of Georgetown and Washington."

3. Quaere, whether the misnomer of a body corporate must be pleaded in abatement.

Assumpsit [by the Central Bank of Georgetown and Washington against John Tayloe] upon an open account, and for moneys lent and advanced.

Mr. Jones, for plaintiff, having given notice, now moved the court for an order on the defendant to produce his bank-book and surrendered vouchers, by a certain day before the trial.

Mr. Hay, for defendant, objected, that under the 15th section of the judiciary act of 1789 (1 Stat. 73), the party can only be compelled to produce books and papers in the trial, not before the trial. Geyger's Case, 2 Dall. [2 U. S.] 332.

THE COURT, however, on the 29th of December, 1823, ordered the defendant to produce his bank-book and vouchers on the 5th of January following, for the inspection of the plaintiff's counsel, in the presence of the defendant's counsel, if he wished to be present.

On the trial, Mr. Hay, for the defendant, contended that the plaintiffs had not sued by their corporate name, which he contended was "The President and Directors of the Central Bank of Georgetown and Washington," and not simply "The Central Bank of Georgetown and Washington," by which they had sued. He also contended that the act of March 3, 1817, was a private act, and must be shown and proved. He thereupon moved the court to instruct the jury that it was necessary that the plaintiffs, suing as a corporation, should show and prove that they had a legitimate existence, and by the name in the declaration mentioned.

Mr. Marbury, for the plaintiffs, suggested that if it was a misnomer it must be pleaded in abatement. 1 Chit. Pl. 440; Mayor, etc., v. Bolton, 1 Bos. & P. 40.

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

[1] [Reprinted by permission.]

THE COURT (nem. con.) instructed the jury that the act of congress of the 3d of March, 1817 (3 Stat. 383), entitled "An act to incorporate the subscribers to certain banks in the District of Columbia," &c., was a public law of which the court and jury were bound to take notice, and that the plaintiffs, by that law, were incorporated by the name in which they prosecuted the present action.

THE COURT did not decide whether, if it had been a misnomer, it could have been taken advantage of upon the general issue; but CRANCH, C. J., and THRUSTON, J., inclined strongly to the opinion that it must be pleaded in abatement. MORSELL, J., inclined to be of a contrary opinion. The court did not say whether it was necessary that the plaintiffs should prove that they were incorporated by the name in the declaration mentioned.