## Case No. 14,178.

TRIPLETT et al. v. BANK OF WASHINGTON.

[3 Cranch, C. C. 646.] [1]

Circuit Court, District of Columbia. Nov. Term, 1829.

### EVIDENCE—BANK BOOKS.

A call for all the letter-books of the bank from its institution to the time when the cause of action arose, was held to be too general. The court will compel the production of such only as they are satisfied contain evidence pertinent to the issue. The party calling for books has no right to examine them before the trial, to see whether there be not something in them pertinent to the issue.

Upon the venire de novo issued under the mandate of the supreme court, in this case (see 1 Pet. [26 U. S.] 25), the plaintiffs had given notice to the bank (the defendant,) to produce at the trial the letter-books of the bank, from its institution down to the year 1825, to be used in evidence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (MORSELL, Circuit Judge, absent, on account of the death of his brother), said that the call was too general, and that the bank ought not to be compelled to produce them unless the plaintiffs should first satisfy the court that they contained evidence pertinent to the issue; and then they could be compelled to produce only such as they show to be pertinent.

Mr. Neale contended that he had a right to examine them before the trial, to see whether there were not something in them pertinent to the issue.

But THE COURT said he had no such right. The plaintiffs then gave notice to the defendants to produce, at the trial, the letter-books of the bank which contain their letters to their dealers, notifying them of the acceptance or non-acceptance of such drafts, payable after date, as have been sent to the bank for collection; and also such letter-books as contain their letters notifying their dealers that individuals had not been found by the officers of the bank on whom drafts had been drawn payable after date, and sent to the bank for collection; and moved the court to order the defendants to produce those books.

Mr. Key, for the defendants, objected that the notice was still too general. It does not show that there are any such letters. It is merely to enable the plaintiffs to find possible evidence.

THE COURT refused to make the order; not being satisfied that the books contained any matter pertinent to the issue, (no particular letter being designated,) and not being of opinion that the plaintiff has a right to inspect the books for the purpose of ascertaining whether they contained any such matter. The cause was tried. Verdict for defendant. Exceptions taken to the rejection of evidence, but no important point of law decided by the court.

