## Case No. 1,263.

### BELL et al. v. POMEROY.

[4 McLean, 57.][1]

Circuit Court, D. Michigan. June Term, 1845.

DISCOVERY—SUFFICIENCY OF BILL — PLEA—FACTS WITHIN KNOWLEDGE OF THIRD PERSON.

1. In a bill of discovery, to aid a prosecution at law, the bill should aver the materiality of the facts, and that they can only be proved by the oath of the defendant.

[See Brown v. Swann, 10 Pet. (35 U. S.) 497; Swann v. Brown, Case No. 13,673; Baker v. Biddle, Id. 764.]

2. It is no sufficient answer to such bill to say, that A. B. can prove the facts; where the person so referred to is interested.

3. The complainant cannot be compelled to rely upon the oath of an interested witness. He may require the oath of the defendant as to the facts.

4. There is a distinction between a bill for discovery merely, and one for discovery and relief.

5. The plea presented the issue, who was best acquainted with the facts of the case, the defendant or other persons? Such an issue cannot be tried.

[In equity. Bill of discovery by Bell and others against Pomeroy in aid of a defense at law in an action between the same parties. Defendant pleads that the facts sought to be discovered may be proven by another person. Plea overruled.]

Mr. Romeyn, for complainants.

Joy & Porter, for defendant.

OPINION OF THE COURT. The defendant brought an action for trespass on personal property, against the complainants, on the law side of this court. In aid of the defense at law, the present bill was filed, to procure a discovery from the defendant.

In June, 1843, Bell sued out a writ of attachment from a circuit court of the state, against William Cramer, an absconding debtor, which was laid upon certain goods as being his property. The other complainants aided in the service of the attachment. Pomeroy sued them for trespass, on the ground that he had acquired title to the goods from Cramer. In their defense, the complainants set up that the goods were obtained by a fraudulent conveyance, and that others were interested with him in the goods, who should have been made parties. And the bill avers that the facts charged are material to the defense of the complainants in said suit at law. "That a discovery by the said Pomeroy of the various matters set forth in the interrogatories to this bill is indispensable to enable the complainants to plead to said declaration, and as proof in the trial of the cause, and that they are unable to prove the facts by other testimony."

The defendant pleaded that the facts set forth in the bill of complaint are within the personal knowledge of Obed Smith, and may

[1] [Reported by Hon. John McLean, Circuit Justice.]

be proved by him. That said Smith was his agent, and that the defendant has no personal knowledge of his doings.

The materiality of the facts alleged in the bill, as a defense to the action at law, are obvious. The non-joinder of the parties connected in interest, with the plaintiff in the original suit, are important to be known, that a plea in abatement may be pleaded. Should such a plea be filed, on insufficient grounds, the judgment would be peremptory.

In support of the plea it is contended that a discovery is granted in such a case only where there is a failure of other legal testimony in the case. That the plaintiff at law can not be called upon to disclose facts for the defense, unless he alone has knowledge of the facts, and they are such as the defendant is entitled to have before the jury on the trial. [Brown v. Swann,] 10 Pet. [35 U. S.] 497; 2 Paige, 601; 4 Johns. Ch. 409; [Russell v. Clark,] 7 Cranch, [11 U. S.] 89; Mitf. Pl. 245. That the only fact in the bill which has any thing to do with the defense, is that other parties are interested in the goods; and this, if true, may be proved by competent witnesses. That it is a fishing bill, which the law will not tolerate. 2 Caines' Cas. 296; Story, Pl. 263, 264.

This argument is in conflict with the express allegations of the bill. The complainants aver, that the facts are material in their defense, at law, and that they can only be proved by the oath of the plaintiff. The plea is not supported by an answer, and the facts stated in the plea must be considered as true, from the manner it comes before us.

The grounds on which the discovery is asked, that the title of Pomeroy is fraudulent, and that other persons have an interest in the goods, it is contended, do not give to the complainants a right of discovery. Hare on Discovery, 197. That it is not a sufficient ground for a discovery to insist that the evidence sought will prove that Pomeroy has no title, and that the title will, therefore, devolve on the plaintiff. There is a distinction between a bill filed for discovery merely, and a bill filed for discovery and relief. The former is ancillary to a trial at law; the latter, although a bill of discovery, withdraws the cause from a legal forum, and brings it for a decision before a court of equity. The present is merely a bill of discovery. It may be filed as a matter of right, either in aid of proof, or as a substitute for proof adducible in a court of law. Mitf. Pl. 193, 307; Hare, Disc. 1, 110, 116; Leggett v. Postley, 2 Paige, 601. The cases cited in 2 Story, Eq. Jur. § 1495, were cases where relief was prayed. In 1 Story, § 74, the rule is confined to such cases. And this was the character of the cases of Russell v. Clark, 7 Cranch, [11 U. S.] 59; and in Brown v. Swann, 10 Pet. [35 U. S.] 497. Judge Story, in his latest work on this subject, refers to this rule, and this will reconcile the cases. Story, Eq. Pl. pp. 260, 348, note, 319, § 324.

The plea presents as an issue, the question, who is best acquainted with the facts of the case, the defendant, or third persons? Can such an issue be tried? It involves not merely a knowledge of the facts, but the competency and credibility of witnesses. Such an issue, if it could be tried, would lead to great delay and to no practical result. Smith is charged in the bill as having an interest in the goods. Can he be made a witness in his own case? And under such circumstances, is it an answer to the bill that Smith has a knowledge of all the facts? He is incompetent. The complainants are not bound to waive this objection and call Smith as a witness, in their defense. It would be unsafe for them to do this. And no court could require them to do it. Smith is also personally interested in denying the fraud. If he acted fraudulently, he is personally responsible to Pomeroy. The plea does not aver Smith to be a competent witness. Its averments are limited to what he did, and do not cover the allegations as to the title of other parties.

Pomeroy, it is contended, being in lawful possession of the goods, by his agent Smith, may maintain an action of trespass against the complainants. This position is founded on the presumption of a legal possession by Pomeroy, and that the defendants, in the action of trespass, are without title. On this bill we are not to try the title. The complainants say that Pomeroy's title was fraudulently acquired, and that they can only prove it by his oath. We think, under the circumstances, they are entitled to an answer, and the plea is consequently overruled.