VATTIER (HINDE v.). See Case No. 6,512.
VATTIER (PIATT v.). See Case No. 11,117.

## Case No. 16,897.

### VAUGHAN v. CENTRAL PAC. R. CO.

[4 Sawy. 280; 1 3 Ban. & A. 27; 14 Pac. Law Rep. 274.]

Circuit Court, D. California. Aug. 20, 1877.

INJUNCTION—PATENTS—REMEDIES FOR INFRINGEMENT—REMEDY AT LAW, WHEN EXCLUSIVE—BILL OF DISCOVERY—RAILWAY BRAKES—PROFITS—DEMURRER—COLORABLE ALLEGATIONS.

1. The infringement of a patent will not be injoined after the expiration of the term for which the patent issued.
[Cited in Atwood v. Portland Co., 10 Fed. 284; Brick v. Staten Island R. Co., 25 Fed. 554.]

2. In a proper case the patentee has an election of remedies for an infringement of his patent: 1. By an action at law for the actual damages sustained; and, 2. Where profits have accrued from the sale or use of the invention, by a suit in equity for an account of the actual profits realized.

3. If the invention is such, that in the nature of things there can be no profits in any just legal sense of the term, and the limit of the injury for the use of the invention must necessarily be the value of the license fee, the patentee has a full, speedy, complete and adequate remedy at law, and a court of equity will not sustain a bill for an account.
[Cited in Brick v. Staten Island R. Co., 25 Fed. 554.]

4. In a bill of discovery purely, in aid of an action at law, it must be alleged that the facts sought to be discovered are material to the complainant's case, and that the discovery of them by defendant is indispensable as proofs.

5. Where a patent is for an improvement in the mode of operating brakes for railway carriages, the only injury sustained by the infringement in the use of the invention, is the loss of the value of the license fee for the number of brakes used; and for this injury an action at law furnishes a full, complete and adequate remedy.

6. In such case there can be nothing tangible or appreciable in the nature of profits in any proper legal sense, realized by an infringer, and a suit in equity for an account cannot be maintained.

7. A mere colorable, general allegation of profits accrued from the use of an invention, will not be sufficient to sustain a bill in equity for an account, and where, from the nature of the

---

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reversed in 6 Cranch (10 U. S.) 226.]

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

invention alleged, it can be seen by the court from the bill that there cannot possibly be any profits of a character to justify charging the defendant as trustee, a demurrer will be sustained and the bill dismissed without putting the parties to the expense of proofs and a hearing.

[Cited in Knox v. Great Western Quicksilver Min. Co., Case No 7,907.]

Demurrer [by Daniel W. Vaughan] to bill in equity.

E. W. McGraw, for complainant.
M. A. Wheaton, for defendant.

SAWYER, Circuit Judge. This is a bill in equity seeking an account and recovery of the gains and profits resulting to the defendant from the use of an "improvement in the mode of operating brakes for cars, or railway carriages," patented by the plaintiff's assignor, whose patent defendant is alleged to have infringed. The term of the extended patent expired October 4, 1870, and the infringement complained of occurred before that date.

The defendant demurs to the bill on the ground, mainly, that, upon the facts alleged, the complainant has a plain, adequate and complete remedy at law, and, therefore, that the bill does not present a case for equitable cognizance. The bill not having been filed for several years after the expiration of the patent, presents no ground for an injunction, and none is sought. As a bill for an injunction, therefore, it affords no ground for equitable relief.

The bill alleges, generally, that defendant used the patented improvement, "but how many such brakes for railroad cars defendant so used and operated * * * your orator is ignorant and cannot set forth; but your orator avers, that defendant so used and operated, or permitted to be used or operated, a large number thereof," and that "it derived and realized large profits," etc., but to what amount your orator is ignorant and cannot set forth; "and he prays that the defendant may be required to make disclosure and discovery of the full amount thereof." He further prays that defendant be decreed to account for and pay over all gains, profits, etc.

It seems to be the recognized view of the courts that there may be cases, such as where the infringer makes a profit by the sale or use of the invention, wherein the patentee may have an election of remedies for an infringement of his patent, viz.: by an action at law to recover the damages sustained, in which the actual damages may be trebled, in the discretion of the court; or, by a suit in equity for an account and recovery of the profits made by the infringer from the sale or use of the invention. Cowing v. Rumsey [Case No. 3,296]; Packet Co. v. Sickles, 19 Wall. [86 U. S.] 917; Burdell v. Denig, 92 U. S. 720. It would seem from these authorities, that the equity jurisdiction in the latter case rests on the ground of a trust, the patentee being entitled to the profits resulting from the sale or use of his invention, the infringer is converted into a trustee for the patentee, as regards the profits thus made, and of which he would otherwise be deprived.

But in order to maintain a suit in equity for an account of profits, there must be actual profits resulting to the infringer susceptible of computation or estimation, of which the patentee could be deprived, and with which the infringer can be charged as trustee. If from the character of the invention there can be nothing in the nature of profits of which the patentee can be deprived, there is no basis for charging the infringer with receiving profits for his benefit, and nothing for which he can be called upon to account.

As the defendant's counsel well observes, if one should invent and patent a more comfortable bed than any heretofore existing, and another should infringe the patent by using it, the use of the bed might well be more agreeable, and afford greater comfort and satisfaction to the infringer than any other; yet it would be absurd to say that he derived any pecuniary profits from its mere use with which he could be charged as the trustee of the holder of the patent; or that there is any basis of profits in the legal sense of the term for which he could be called upon in a court of equity to account. It would be impossible to predicate profits in any just sense upon such an infringement. It could furnish no element for the basis of an account. The same is true of many inventions. To my mind it seems clear that the invention now in question is of this class. The patent is for an "improvement in the mode of operating brakes for cars, or railway carriages." It is not even for an entire brake, but only an element in a brake. The infringement is by the use of it on defendant's road. In order to use it at all the infringer must have a road, with rolling stock, and all the expensive equipments and paraphernalia of a road, including cars and other portions of the brake. How is it possible to separate this comparatively almost infinitesimal part of the whole from the combined elements necessary to construct, equip and operate a railroad, and say that so much of the profits resulting from the whole, if any profits there are, shall be attributed to the very small element embodied in this improvement? By what rule or measure shall it be determined, what advantage in money results to the infringer from its use? There is no loss to the patentee beyond the mere value of his license. And even in that particular there is no loss in any other sense than that he fails to get what he never had and never could have unless he gets it from the defendant. He could not have used the invention himself upon the defendant's road, and he could not have sold it to anybody else to use, and thereby have derived any profit from the sale; for nobody but the defendant could use it on defendant's road, and the use by defendant on its road could not possibly have interfered in

any way to prevent the complainant from selling his invention for use on any other road. Unless defendant had used these brakes they would not have been used at all, or sold for use anywhere else. The complainant would have been no better off if defendant had not used his invention, and he is in no worse condition by their use than he would have been had his invention not been used. It is for his interest, then, that the defendant should use as many as possible, provided he is paid the value of the license for their use; and if defendant does use them, there is no loss whatever resulting from a possible sale to, or use by, other parties, and no loss beyond the money value of the license to which he is entitled.

From the nature of the invention and its use, the only possible measure of damages, and the only sum for which the defendant is liable is the value of the license upon the number of brakes used embracing the invention, except that the damages may be trebled in the discretion of the court. This view is expressly recognized by the supreme court in Seymour v. McCormick, 16 How. [57 U. S.] 189, where, on discussing the rule of compensation for the infringement of patents, it is said, "one who invents some improvement in the machinery of a mill could not claim that the profits of the whole mill should be the measure of damages for the use of his improvement. And when the profits of the patentee consist neither in the exclusive use of the thing invented or discovered, nor in the monopoly of making it for others to use, it is evident that this rule could not apply. The case of Stimpson's patent for a turn-out in a railroad may be cited as an example. It was the interest of the patentee that all railroads should use his invention, provided they paid him the price of his license. He could not make his profit by selling it as a complete and separate machine. An infringer of such a patent could not be liable to damage to the amount of the profits of his railroad, nor could the actual damages to the patentee be measured by any known ratio of the profits of the road. The only actual damage which the patentee has suffered in such a case is the non-payment of the price which he has put on his license, with interest, and no more." Stimpson's patent turn-out for railroads referred to by the court is entirely analogous to the invention now in question. So in the case of Sanders v. Logan [Case No. 12,295], arising upon a patent for "an improvement in winnowing machines." Mr. Justice Grier says: "The invention claimed is for an improvement in the machinery of grist-mills, and the only injury to plaintiff's rights consists, not in using his invention, for it is his interest that all mills should adopt and use it, provided he is paid the price of the license. Such price or value of a license is the true measure of the 'actual damages' suffered, and of the remedy which the patentee can obtain, or has a right to claim in equity. * * * When the measure of damages is a certain sum, and does not require an account of profits, the peculiar jurisdiction of a chancellor is not needed for that purpose." Sanders v. Logan [supra]. And in Livingston v. Jones [Case No. 8,414], the same learned judge says: "If the inventor's profits consist neither in the exclusive use of the thing invented, nor in the monopoly of making it for others to use, but in having a general use of it by all who are willing to pay him the price of his license, then the non-payment of the license fee by the infringer is the only wrong done to the patentee. The only cases in which the measure of the patentee's damages is the amount of the infringer's profit, are where the invention is of some new machine, or a new form of any kind of known machine, which, as a distinct species of machine or manufacture, is more valuable, or can be put in the market cheaper, so as to supersede or exclude other machines or manufactures of the same genus; and where the profit of the patentee consists in a complete monopoly of the right to make and vend the new machine, or manufacture as a unit, and in the exclusion of all competition. In such a case, the only measure of damage in a court of equity is the amount of profits made by the infringer, and it is in such cases that the injured party should seek his remedy in a court of chancery, where he can have a decree for an account, and an injunction to protect his monopoly. But it is plain that a patentee whose invention is only valuable because used by all who pay a license fee, and who suffers no other wrong than the detention of such fee, has fixed his own measure of compensation, and needs none of the remedies which it is the duty of the chancellor to give for his protection. An injunction would do him no good; an account is not wanted, and the only remedy to which he is entitled being a judgment for a given sum of money, with interest, a court of law is the proper resort, where also he may recover a penalty to the extent of treble damages, if the judge sees fit to inflict it."

The case made by the bill is emphatically one of the kind referred to in the cases cited. There is no element in it upon which to base an account of profits. The only injury, as said by Mr. Justice Grier, is not in the use of the invention, but in refusing to pay the value of the license for its use. If a license fee is established, that is the measure of the injury fixed by the patentee himself. If not, then its value must be found from other evidence, and in both cases, and especially in the latter, the question as well as the novelty of the invention and the question of infringement is peculiarly one for determination by a jury. There is nothing requiring the aid of a chancellor.

As a bill for an account of profits, then, it fails to show a case for equitable cognizance. As no case for an account is presented, of course there is no need of a discovery in aid of an account.

So, also, the bill fails to present a case for

discovery as an independent ground of equitable jurisdiction. A bill purely of discovery in aid of the jurisdiction of a court of law must allege that the facts are material to the plaintiff's case, and that the discovery of them by the defendant is indispensable as proof; for, if the facts lie within the knowledge of witnesses, who may be called in a court of law, that furnishes sufficient ground for a court of equity to refuse aid. In such a case there is no need of discovery. Gelston v. Hoyt, 1 Johns. Ch. 547; Seymour v. Seymour. 4 Johns. Ch. 409; Story, Eq. Jur. §§ 74, 690, 1493b. In this bill there are none of these essential allegations; and it is apparent that none could be truthfully made, for the sole defendant is a corporation—an ideal, non-sentient being, that can have no knowledge. and can only answer under its seal; while all the facts are necessarily within the knowledge of living individuals, the officers and employees of the corporation, who must, from the nature of the case, furnish the information; and all are competent witnesses who can be called upon to testify and furnish the information in a court of law as fully and effectually as in a court of equity. If the complainant had commenced an action at law to recover the license fee, or the value of a license for the number of brakes used, I apprehend the bill would not be entertained upon the facts of this case. by any court of equity, for the mere purpose of discovery in aid of such action.

If the views expressed are sound, then the plaintiff has a "plain. adequate and complete remedy at law" in an action for damages, the full measure of which is the value of a license for the use of his improvement. This remedy is as plain, easy, practical. prompt, and effectual as any that can be afforded in equity. As the actual damages may be trebled, it is in this respect a better remedy. And where such a remedy is afforded at law, the statute expressly provides that a suit in equity shall not be maintained in the courts of the United States. Rev. St. § 723. It is claimed. however, that there is an allegation in the bill that profits have accrued. and that this is sufficient on demurrer. Nevins v. Johnson [Case No. 10,136] is cited in support of the bill. The demurrer was overruled in that case, but the court said, in the course of the opinion: "It (the jurisdiction) must rest upon the case made by the defendants on the merits. for the court afterward to determine whether the jurisdiction will be exercised in equity or only by a suit at law." In that case, there was some possibility that profits as such might accrue from the use of the invention. But in this case it is plain, from the nature of the invention set out in the bill, that it can furnish no element for estimating any actual profits accruing from the use of the invention; and that the measure of the plaintiff's recovery must, from necessity, be the license fee or value of the license for its use. The use to which a brake is put, and its relation to the car, or the railroad and its operation, is, at this day, matter of common knowledge, and of which the court can take notice as such, especially in connection with the description of its use and operation given in the bill. Brown v. Piper, 91 U. S. 42, 43. Should the case go to a hearing, and it should turn out, upon the evidence, that there was no case for equitable cognizance, the court would dismiss the bill. Lewis v. Cocks, 23 Wall. [90 U. S.] 469; Hipp v. Babin, 19 How. [60 U. S.] 278. In the former case, the court says: "In the present case, the objection was not made by demurrer, plea or answer, nor was it suggested by counsel; nevertheless, if it clearly exists, it is the duty of the court sua sponte to recognize it and give it effect. It is the universal practice of courts of equity to dismiss the bill, if it be grounded upon a merely legal title. In such case the adverse party has a constitutional right to a trial by jury." So in this case a mere action for damages brought in a court of equity would deprive the defendant of this constitutional right to a trial by jury. It is just as apparent now, from the allegations of the bill, that the remedy must be confined to the value of the license which may as well be recovered at law as in equity, as it can be after going to the expense of taking testimony and of a hearing in equity. The general allegation of profits accrued in any practical sense is manifestly merely colorable, which cannot in the nature of things be sustained, and, doubtless, for the purpose of withdrawing the case from a jury and giving jurisdiction to a court of equity. This being so, I can see no reason for not dismissing the bill at this stage of the proceedings, as it must be to the advantage of all parties to take this course.

Since this case was submitted, the district judge, holding the circuit court in the district of Tennessee, sustained a similar bill, as a bill for an account and discovery. in the case of Vaughan v. East Tennessee. V. & G. R. Co. [Case No. 16,898]. The plaintiff is the same, and it is understood that the bills in the two cases are precisely identical, with the exception of their having been filed against different defendants. The decision in that case is doubtless correct. if the bill presents a proper case for an account and discovery. The learned judge seems to have assumed, without discussion. that the bill does present a proper case for an account and discovery—the very point which, in this case, has been most strenuously combated by the defendant. If I am correct in the views already expressed, the premises upon which the conclusion of the learned judge rests fail; otherwise, he is right, and I am wrong. The supreme court must authoritatively determine the question.

Let the demurrer be sustained, and the bill dismissed.