GREGORY *v.* CHICAGO, MILWAUKEE & ST. PAUL R. R.

HARRIS *v.* SAME.

MEIGHEN *v.* SAME.

*(Circuit Court, D. Iowa, N. D.   1882.)*

1. PRACTICE—PRODUCTION OF BOOKS, ETC.
    In requiring the production of books or writings in evidence in actions at law, federal courts are not governed by the provisions of state statutes, but by the provisions of section 724, Rev. St.

2. SAME—DISCRETION OF COURT.
    In ordering the production of books, etc., in evidence, the court will exercise its discretion, following the practice, in such cases, in chancery.

At Law.

LOVE, D. J.   We are not governed, as counsel seem to suppose, by the provisions of the Iowa Code in determining this motion, but by the following provisions of the act of congress:

Section 724, Rev. St. "Power to order production of books and writings in actions at law."

"In the trial of actions at law the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power which contain evidence pertinent to the issue in cases under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery.

"If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendants as in cases of nonsuit; and if a defendant fails to comply with such order the court may, on motion, give judgment against him by default."

From this provision it is clear that the plaintiff's motion cannot be denied.   But how, when, and where the books, etc., shall be produced must be determined by the sound and just discretion of the court.   To order the books of a corporation, or any great business firm, to be brought from a distant place, where they may be con-

stantly needed, to the place where the court is held, would be a practice in the highest degree inconvenient; neither would the court order the books of a firm or corporation to be taken from the possession of the owners, and placed in the custody of any person not interested in their safety and preservation. The right of a litigating party is to inspect, to examine, and take copies, with view of securing information, and offering their contents in evidence. This right the law secures to him, and the court will order it to be done in such a way as to prejudice as little as possible the owners of the books. The owner of books in which he has kept his accounts, and which he may need for daily and hourly use, is just as much entitled to their custody as he is entitled to the possession and use of any other personal property. It would be most prejudicial and unjust to order a litigant to bring his books from a distant place, where they are in constant use, and deliver them to some officer of the court for the convenience of an adversary party. If such were the rule, a foreign insurance company or railroad corporation or private firm might be compelled, under penalties of contempt and default, to bring their books from far-distant states, and even from beyond the seas, at their own expense, and to their grievous prejudice, for the use, benefit, and convenience of their adversaries. It will be seen, by examining the foregoing provision, that the court is to govern its discretion by the practice in such cases in chancery. The practice in equity has been long established, and the court will make an order in strict pursuance of that practice.

As to means by which the order shall be enforced, the rule quoted above speaks for itself. But, even in the absence of such a rule, the court would find a way to enforce obedience to its orders by a party litigant before it.

### ORDER.

Let the plaintiff, his solicitors, and agents be at liberty, at all seasonable times, upon giving reasonable notice, to inspect and peruse at the office of the defendant company, or elsewhere, the books, papers, and vouchers referred to in the plaintiff's application as containing evidence pertinent to this case, the same being in the defendant's possession, custody, or power, and take copies thereof and abstracts therefrom, as they shall be advised, at the plaintiff's expense; and let the said defendants produce any designated books, papers, or vouchers before any competent officer taking depositions, on due notice, at the plaintiff's instance, at the town or city or place where

said books, papers, or vouchers may be kept in custody, in order that any copies, abstracts, or extracts taken under this order may be compared, verified, and proved, so as to be offered in evidence

It is further ordered that, in order to entitle himself to have such books, papers, and vouchers produced before such examining officer, the plaintiff shall designate the books, papers, or vouchers required, and give reasonable notice of the time and place when and where the same shall be produced.

See *Geyger* v. *Geyger*, 2 Dall. 332; *Thompson* v. *Selden*, 20 How. 194; *Maye* v. *Carberry*, 2 Cranch, C. C. 336; *Bank of U. S.* v. *Kurtz*, Id. 342; *Hilton* v. *Brown*, 1 Wash. C. C. 298; *Bas* v. *Steele*, 3 Id. 381; *Dunham* v. *Riley*, 4 Id. 126; *Vasse* v. *Mifflin*, Id. 519; *Jaques* v. *Collins*, 2 Blatchf. 23; *Iasigi* v. *Brown*, 4 Curt. 401.