## BRICK v. STATEN ISLAND RY. CO.

*(Circuit Court, S. D. New York. November 28, 1885.)*

1. PATENTS—INFRINGEMENT—LACHES.
    Commencing suit within six months from granting of letters patent is prompt action for redress.
2. SAME—EQUITY—INJUNCTION.
    A court of equity will not relegate an inventor to a court of law where he can recover money damages only in case of infringement, but will protect his interests by injunction where the circumstances and facts justify and require it.

On demurrer.

*W. J. Townsend*, for complainant.

*W. W. MacFarland*, for defendant.

COXE, J. The complainant, who is the owner of letters patent for an "improved safety gas-tank for vessels," files his bill in the usual form, alleging infringement by the defendant, and praying for a discovery, an injunction, and an accounting. The defendant demurs upon the sole ground that the complainant is not entitled to equitable relief.

Courts of equity have frequently refused to retain jurisdiction in these cases where the patent has expired, or is about to expire, or where the complainant is guilty of laches in asserting his rights, or where it can be ascertained, in the particular case under consideration, that a complete and adequate remedy exists at law; for instance, where the sole object of the suit is to recover license fees or royalties. *Root* v. *Railway Co.*, 105 U. S. 189; *Burdell* v. *Comstock*, 15 Fed. Rep. 395; *Lansdale* v. *Smith*, 106 U. S. 391; S. C. 1 Sup. Ct. Rep. 350; *McLaughlin* v. *Railway Co.*, 21 Fed. Rep. 574; *Crandall* v. *Plano Co.*, 24 Fed. Rep. 738; *Vaughan* v. *Central Pac. R. Co.*, 4 Sawy. 280; *Smith* v. *Sands*, 24 Fed. Rep. 470.

After a careful examination, no case has been discovered where a bill has been dismissed in circumstances similar to those developed here.

It appears from the bill that the patent was granted to complainant August 28, 1883; that the action was commenced within six months thereafter, which, in a patent cause, is unusual promptness; that the exclusive right secured by the patent has been, and still is, of great value to complainant; that the defendant has made and used four of the patented tanks, and is still using them; that, though requested so to do, he has refused to desist from making and using the patented improvements, and has declined to account for the profits received by reason of the infringement. There is nothing in the bill to indicate that the complainant has granted, or intends to grant, licenses, or that he did not commence his suit the very day he learned of the infringement. There is therefore nothing of which to predicate laches, and, unless extrinsic facts and circumstances are imported into the case, the argument that an action at law will afford a sufficient remedy can hardly be maintained.

Upon the pleadings now before the court it cannot be said that a money judgment for damages alone will indemnify the complainant, or that ultimately an injunction should not issue for his protection. If the contention of the defendant should become established law, inventors, in all similar cases, will receive a staggering blow. The "exclusive right" granted by the patent will exclude no one. The door will be thrown wide open to wrong-doers. The courts will be powerless to protect, and the only remedy remaining to the patentee, if fortunate enough to discover the injury done him, will be a suit at

law for actual damages, which, in most cases, is no remedy at all. Patents would soon cease to be valuable if there were no power to prevent trespassers from using the patented invention. If the court shall finally determine that the complainant has a valid patent, and that the defendant infringes, I can see no reason why the complainant should not have the ordinary relief.

Demurrer overruled; defendant to answer within 20 days.