## LUCKER v. PHOENIX ASSUR. CO. OF LONDON.

(Circuit Court, D. South Carolina. April 6, 1895.)

PRACTICE IN CIVIL CASES—PRODUCTION OF BOOKS AND PAPERS.

The right given by Rev. St. § 724, to compel the production of books and papers in action at law, is not limited to requiring their production at the trial, but the court may, in its discretion, grant an order for inspection, with permission to copy, prior to the date of the trial.

This was an action by Minnie Lucker against the Phoenix Assurance Company of London, a corporation under the laws of Great Britain. The case was removed to this court from a court of the state of South Carolina, and a motion to remand was heretofore denied. 66 Fed. 161. The case is now heard upon a rule obtained by plaintiff to require defendant to produce certain papers for inspection, with permission to copy the same.

Bryan & Bryan, for motion.
Trenholm, Rhett & Miller, contra.

SIMONTON, Circuit Judge. A suit at law is pending in this court between the parties named in the caption. The case being on the docket, and the day of trial approaching, the plaintiff, on affidavit, states that there were in the hands of defendant certain writings, which contain evidence pertinent to the issue in the cause; obtained a rule on it to show cause why they should not be produced and lodged with the clerk of this court, or allow plaintiff to inspect and take copies of them. The defendant has made return to the rule, expressing its full consent and readiness to produce the writings in question at the trial, but not before. The motion is made under section 724, Rev. St., which reads as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of non-suit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

This section controls the practice, notwithstanding any state practice in the premises. Gregory v. Railroad Co., 10 Fed. 529. There is conflict of opinion on this question among the circuit courts, and no authoritative decision by the supreme court, or any of the circuit courts of appeals. Judge Curtis in Iasigi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993, granted an order in such a case for production of the papers at the trial. "This is the whole extent of the law. It does not enable parties to compel the production of papers before trial." The circuit court (Clifford and Lowell, JJ.), in Merchants' Nat. Bank v. State Nat. Bank, Fed. Cas. No. 9,448, say, "Perhaps the order must be that the books and papers must be produced at the trial." In Triplett v. Bank, 3 Cranch, C. C. 646,[1] a party was not allowed to examine books before trial to see if they contained pertinent evidence. On the other hand, in Central Bank v. Tayloe, 2 Cranch, C. C. 427, Fed. Cas. No. 2,548, the court ordered the papers to be produced before trial. And in New York the court pursued the same course. Jacques v. Collins, 2 Blatchf. 25, Fed. Cas. No. 7,167. In Gregory v. Railroad Co., 3 McCrary, 374, 10 Fed. 529, the order was made for inspec-

---

[1] Fed. Cas. No. 14,178.

tion of books before the trial. The practice cannot be said to be settled. The language of the section, strictly construed, may not seem to contemplate production before trial. And the imposition of the penalty of a nonsuit in one case, and judgment by default in the other, for the nonproduction of papers,—a penalty which cannot be incurred or be enforced until the coming on of the trial,—would seem to confirm this conclusion. But undoubtedly the power conferred on the court is a discretionary power. And the court, in the exercise of it, may direct production before trial. Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201, Fed. Cas. No. 9,448. It seems, however, to be a narrow construction of section 724 to limit its operation to the actual trial. Its purpose, clearly, is to provide a substitute for a bill of discovery, and to secure at law the purposes which such a bill would subserve. All the cases recognize this. On a bill for discovery, necessarily, the facts sought would be discovered before trial. Besides this, the section says that this order for the production of papers can be made "in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery." The proceedings in chancery require the deposit of the papers called for with the clerk, who, upon notice, produces them in court, or before the examiner. 2 Daniell, Ch. Prac. 1388, 1389.

There is another point of view of this matter. The object of a motion of this character is to enable a party, in advance of the submission of the issue, to ascertain the strength or weakness of his case. An inspection of the papers may end the case. It is better to reach this result in this short way than in the middle of a trial.

Having regard to the special circumstances of this case, it seems best to grant the order in question. All the papers whose inspection is sought are part of the case of the plaintiff, pertinent to the issue, and essential in sustaining her complaint. They are documents furnished by her to the defendant to secure her loss under a policy of insurance. They were prepared and submitted before the counsel now managing the case were retained. The inspection desired may have a material bearing on the future of the cause.

It is ordered that the defendant, at the mutual convenience of the counsel in this cause, submit to the counsel for the plaintiff for inspection, without parting with the possession of them, and with the privilege to plaintiff's counsel of copying them, or any of them, as he may be advised, the following papers, to wit: Proofs of the loss of Minnie Lucker, dated March 7, 1894, and also dated May 4, 1894, and also affidavits of Minnie Lucker, dated 1894; certificates of loss by Elias Venning, trial justice, J. W. Polite, notary public, and P. M. Pepper, notary public; plans and specifications of the buildings insured, by Simons & Holmes, architects; written examination by Minnie Lucker, 6th July, 1894; letters from Minnie Lucker, J. C. Mehrtens, and C. W. Lucker, from the 3d of February, 1894, to the 1st of June, 1894, to L. R. Warren and F. M. Butt, agents of the defendant insurance company.