## OWYHEE LAND & IRRIGATION CO. v. TAUTPHAUS.

### (Circuit Court of Appeals, Ninth Circuit. May 6, 1901.)

### No. 654.

EVIDENCE—REQUIRING PRODUCTION OF DOCUMENTS—FEDERAL STATUTE.

Rev. St. § 724, which authorizes courts of the United States, in actions at law, on motion and due notice, to require parties to produce books or writings which contain evidence pertinent to the issue "in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery," goes no further than to apply to actions at law the remedy which in equity is afforded by a bill of discovery; and, before a defendant can be held in default for a failure to produce such evidence as provided by the statute, the court must have determined that the evidence so sought is pertinent to the issues and ought to be produced, and have made an order for its production, which has been disobeyed.

In Error to the Circuit Court of the United States for the District of Idaho.

The defendant in error was the plaintiff in an action in the circuit court brought to recover a balance claimed to be due him upon a written contract. He alleged in his complaint that on June 5, 1893, he entered into a contract with the plaintiff in error, the Owyhee Land & Irrigation Company, a corporation, whereby he agreed to dig a certain canal, for which the said corpora-

tion promised to pay him $150,000, three-fourths of which was to be paid in cash, and the remainder in the company's bonds. The complaint alleged the performance of the contract upon the part of the plaintiff, and · acceptance of the canal by the corporation, and admitted payment of the contract price therefor, except a balance of $42,851.86 unpaid, for which judgment was demanded. The plaintiff in error answered, denying all the material allegations of the complaint, and particularly denying that it had entered into the contract. On February 1, 1900, the defendant in error filed in the circuit court, and served upon counsel for the plaintiff in error, a notice that on the 12th day of March, 1900, he would move the court for an order requiring the defendant in said action to produce at the trial of the cause a complete record of all meetings of its board of directors and its stockholders,—especially all such as touched upon the construction of dams and canals;. also its articles of incorporation, and all letters written by said corporation or its officers to the plaintiff, and all letters received by said corporation ·from the plaintiff; also all letters which passed between the corporation and one who was said to be its agent with reference to the construction of dams and canals. The notice closed with the words, "If defendant fails or refuses to produce such evidence, plaintiff will move for judgment by default." On the date mentioned in the notice no action was taken, and, so far as the bill of exceptions shows, no order was applied for in pursuance thereof until April 6, 1900, when the cause came on for trial before a jury. After the jury was regularly impaneled and sworn, the plaintiff in the action moved the court that the default of the defendant be entered, for failure to produce the books and other evidence referred to in the notice. The court held that the defendant had had sufficient notice to produce said books and other evidence, and, having failed to do so, was estopped to deny that the contract in question was its contract, and held that the defendant was in default, but that the court would inquire concerning the sum due under the contract. Whereupon the plaintiff was sworn as a witness in his own behalf, and testified that he had a contract with the corporation, and that the amount sued for was due him on the contract; that he had constructed the canal, and the same had been accepted by the defendant. His counsel offered the contract in evidence, to which the defendant objected for the reason that it had not been proven to be the contract of the corporation. The court overruled the objections and admitted the contract in evidence. The defendant excepted. The defendant then offered to prove that it did not execute or enter into the contract, and that neither the president nor any officer of the corporation was authorized to execute any such contract, and that neither the board of directors nor the stockholders had ratified any such contract. To which offer the defendant objected, and the court sustained the objection. Thereupon the court instructed the jury to find a verdict for the plaintiff for the balance due, and for interest thereon from January 6, 1896, at 10 per centum per annum. The jury returned a verdict in accordance with the instructions.

Wyman & Wyman, for plaintiff in error.

James H. Hawley, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The ruling of the circuit court in entering the default against the plaintiff in error was based upon section 724 of the Revised Statutes, which reads as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a

plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

This section of the statutes plainly requires that, before a party to an action at law may be held to be in default for failure to produce books or writings in his possession, there must have been an order of the court, or, in other words, that, before he shall be compelled to produce such evidence under the penalty of the statute, there must first be a judgment of the court upon the question whether or not the evidence so sought is pertinent to the issues, and ought to be produced by him to whom the order is directed. Such is the language of the statute, and the reasons why it should be so are too apparent to require extended comment. The purpose of the statute is to apply to actions at law the remedy which in equity is afforded by a bill of discovery. In Boyd v. U. S., 116 U. S. 616, 631, 6 Sup. Ct. 524, 29 L. Ed. 746, Mr. Justice Bradley, after commending the wisdom of congress in restricting this proceeding to "cases and under circumstances" where the parties might be compelled to produce the books and writings by the ordinary rules of procedure in chancery, said:

"The court of chancery had for generations been weighing and balancing the rules to be observed in granting discovery on bills filed for that purpose in the endeavor to fix upon such as would best secure the ends of justice To go beyond the point to which that court had gone may well have been thought hazardous."

In Hylton's Lessee v. Brown, 1 Wash. C. C. 298, Fed. Cas. No. 6,981, Mr. Justice Washington said:

"The remedy provided by the act of congress is merely cumulative; and, to save the time and expense of a bill of discovery, it enables this court to do, in a summary way, what they might do if a bill of discovery were filed on the equity side of the court, and no more."

In Finch v. Rikeman, 2 Blatchf. 302, Fed. Cas. No. 4,788, the court said:

"It is plain, from the language of this statute, that congress did not intend to vest in parties litigant an unrestricted right to all written evidence in the possession of an adverse party which might be pertinent to an issue in a trial at law; the qualification being explicit that the right is allowable only in cases and under circumstances in which the court of chancery, by the ordinary rules of proceeding in that court, would compel the production of books and documents."

In Triplett v. Bank, 3 Cranch, C. C. 646, Fed. Cas. No. 14,178, the court refused to make an order, "not being satisfied that the books contained any matter pertinent to the issue."

But it is unnecessary to cite authorities upon a proposition which is so plain. When we consider the cases and circumstances under which discovery may be had in equity, it is clear that the remedy afforded by the statute can only be secured upon a proper application before the court, indicating the nature of the books or writings that are sought to be produced, and showing that the evidence sought to be obtained is material to the case of the applicant, and thereupon obtaining the judgment of the court directing its production. Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508; Bell v. Pomeroy,

4 McLean, 57, Fed. Cas. No. 1,263; Vaughan v. Railroad Co., 4 Sawy. 280, Fed. Cas. No. 16,897.

The further question is presented whether the plaintiff in error made upon the trial of the cause timely and proper objection to the motion for a default. It is contended that the objection was not placed upon the ground that an order of the court had not been first obtained in accordance with the motion, and that thereby that ground of objection was waived. The record shows that the plaintiff in error objected to the granting of the motion on the ground that the defendant in error "had waived the same by not urging it." This we think was sufficient. The notice stated that on March 12, 1900, the defendant in error would apply for the order. He failed to do so, and by such failure he may well be said to have waived his right to pursue the remedy afforded him by the statute. When on the trial of the cause he moved for a default, objection was properly made on the ground that all rights under the notice had been waived by the failure of the defendant in error to procure the order, or to present his motion at the time mentioned in the notice, and in the manner contemplated by the statute. In this case the trial was had before the circuit court in Idaho, while the home office of the corporation, where its books and records were kept, was in Providence, R. I. After the case went to trial there was no time in which to send for such evidence. The judgment must be reversed, and the cause remanded for a new trial.