## PAINE *v.* WARREN.

*(Circuit Court, S. D. New York. January 9, 1888.)*

1. DISCOVERY—WHEN GRANTED—REV. ST. U. S. § 724.
   The provisions of Rev. St. U. S. § 724, for the production of books, etc., in actions at law, do not authorize such production to be compelled in order to assist the plaintiff in framing his complaint.

2. SAME.
   That section is not to be construed, however, so narrowly that production may not be obtained of documents, etc., not admitted in the defendant's answer, as is the rule in chancery.

3. SAME.
   A plaintiff may elect to resort to the remedy under that section, or to a bill of discovery in aid of his suit at law in a proper case, at his option.

On Motion. Bill of discovery.
*Francis S. Turner,* for complainant.
*Charles H. Russell,* for defendant.

WALLACE, J. The plaintiff commenced an action by service of a summons in the state court, and, before the pleadings were served or filed, the action was removed to this court, and a motion made to compel the defendant to allow an inspection of books to enable the plaintiff to frame his complaint. If the practice of the state courts as prescribed by the Code of Civil Procedure had been applicable, the plaintiff would have been entitled to an inspection if the facts of the case were such as to justify such an exercise of discretion. But proceedings for production and inspection of books and documents in this court are controlled exclusively by section 724, Rev. St. U. S., which prescribes that production may be compelled in actions at law "in cases and under circumstances where parties might be compelled to produce the same by the ordinary rules of proceeding in chancery." Under the act of 1872, conforming the practice in the federal courts "as near as may be" to that of the state courts, the state practice is to be followed when there is no statute of the United States regulating the particular proceeding; but when there is, the statute controls and provides the exclusive rule. *Peaslee* v. *Haberstro*, 15 Blatchf. 472; *In re Fiske*, 113 U. S. 713, 5 Sup. Ct. Rep. 724. There is no practice known to a court of chancery by which a defendant can be required to produce books and documents in order to enable a plaintiff to frame his bill; and the remedy under section 724 is limited to causes where issue is joined. *Jacques* v. *Collins*, 2 Blatchf. 23. The practice in equity permits a motion for production to be made only after the defendant has answered, and admits the possession of the documents. *Bischoffsheim* v. *Brown*, 29 Fed. Rep. 341. But section 724 should not be construed so narrowly as to authorize a motion to produce only when the documents have been described in the pleadings, because in actions at law such descriptive allegations in the pleadings would not ordinarily be permissible. While equity pleadings set out to a greater or less extent matters of evidence for purposes of discovery and proof, such matters would be redundant and improper in pleadings at law.

The motion to compel production was denied, as it should have been, for the reasons thus stated, and the plaintiff has now filed a bill of discovery on the equity side of the court in aid of his suit at law. If the original suit is at law, this practice is authorized. *Colgate* v. *Compagnie Francaise*, 23 Fed. Rep. 82. Such a suit is auxiliary to the suit at law, and where the defendant is not within the jurisdiction of the court, process may be served upon his solicitor, as has been done in the present suit, pursuant to an order permitting such service. *Bartlett* v. *The Sultan*, 19 Fed. Rep. 346. The defendant has appeared specially, and has moved to set aside the service of process as unauthorized, insisting that the original suit is one in equity, and the present one cannot, therefore, be treated as auxiliary, but only as an original suit. If any such objection were open to the defendant when the bill filed purports to be one in aid of a pending suit at law, it is not well taken in the present case. No pleadings have yet been filed in the first action, and it is therefore impossible to determine by the usual method whether the suit is on the law side or the equity side of the court. But the cause of action set

forth in the bill of discovery is one cognizable at law.   It is probably true that it is one of which equity also has concurrent jurisdiction, because the remedy there would be more adequate and complete in some respects than the plaintiff can obtain at law.

It is altogether probable that the bill of discovery is bad upon demurrer, and this is perhaps the first instance in which such a bill has been filed in aid of a suit at law where issue has not been joined in the suit at law; but this question, although somewhat discussed at the argument, is not properly here, and can only be considered when a demurrer is interposed.

It has seemed proper to thus refer to and consider somewhat matters not strictly pertinent to the present motion, because of the obvious misapprehension of points of practice by both counsel, which, if not now corrected, may lead to further and useless proceedings in the controversy. The plaintiff has the choice at his election of either one of two courses which will afford him an efficient remedy.   He can dismiss his bill of discovery and treat his original suit as an action at law, and when the pleadings are perfected and issue joined, can apply to compel an inspection and production of necessary and material books and papers in the defendant's possession; or he can treat it as a suit in equity, and frame a bill with appropriate averments and interrogatories for discovery, and move, if necessary, for an inspection according to the course of equity practice.