VICTOR G. BLOEDE CO. OF BALTIMORE CITY v. JOSEPH BANCROFT & SONS CO.

(Circuit Court, D. Delaware. June 5, 1901.)

No. 4.

1. PRODUCTION OF PAPERS—APPLICATION.
   In view of the discretionary nature of the power of the court under section 724, Rev. St. U. S., summarily to give judgment of non-suit or by default, as the case may be, the court will not favorably act on any application for production ambiguous on its face or which does not clearly conform to the requirements of the section.

2. SAME—NON-COMPLIANCE WITH ORDER.
   In case of non-compliance by one party with an order of production the remedy of the other is restricted to the obtaining, in the discretion of the court, of a judgment of non-suit or by default, as the case may be, and does not include power to compel production by attachment.

(Syllabus by the Court.)

Anthony Higgins and Charles M. Curtis, for plaintiff.
Benjamin Neilds, William S. Hilles, and Herbert H. Ward, for defendant.

BRADFORD, District Judge. By an order made in this cause December 21, 1899, the defendant was required pursuant to section 724, Rev. St. U. S., to produce in court March 5, 1900, for inspection by the plaintiff, its agents or attorneys, with leave to take copies and make abstracts under the further order and direction of the court, all books and writings in the possession or power of the defendant showing all or any of the particulars mentioned in the order, and to file an affidavit showing full compliance therewith, or reasons, if any should exist, why such compliance was impossible. (C. C.) 98 Fed. 175. The particulars so mentioned were as follows:

"(1) What pulp colors and other colors and materials were manufactured by the plaintiff for and delivered to the defendant between June 1, 1893, and January 1, 1895;

"(2) What pulp colors and other colors and materials were manufactured by the defendant between June 1, 1893, and June 9, 1897, similar or substantially similar to the pulp colors or other colors or materials furnished by Victor G. Bloede to the defendant on or prior to June 9, 1891;

"(3) What pulp colors and other colors and materials were manufactured for the defendant otherwise than by the plaintiff between June 1, 1893, and June 9, 1897, similar or substantially similar to the pulp colors or other colors or materials furnished by the said Victor G. Bloede to the defendant as above mentioned; and

"(4) What pulp colors and other colors and materials were used by the defendant between June 1, 1893, and June 9, 1897, similar or substantially similar to the pulp colors or other colors or materials furnished by the said Victor G. Bloede to the defendant as above mentioned."

The defendant produced in court March 5, 1900, certain books together with an affidavit made by its president to the effect that they were all the books or writings in its possession or power showing, in so far as any books or writings in its possession or power would show, the particulars mentioned in the order. The books so produced were at the time of their production and from time to time afterwards inspected by the plaintiff through its agents and attorneys, but no motion has been made on the part of the plaintiff for judgment by default against the defendant for non-compliance with the order of production. The matter now before the court is presented by a petition filed by the plaintiff March 8, 1901, alleging, in substance, that the information sought by the plaintiff cannot be obtained from the books produced under the order; that the defendant has not fully complied therewith in that it "did not produce any books or writings showing what pulp colors or other colors or materials were used by the defendant or were manufactured by the defendant or by any other person for the defendant between June 1, 1893, and June 9, 1897, similar or substantially similar to the pulp colors or other colors and materials furnished by Victor G. Bloede to the defendant on or prior to June 9, 1891"; that such colors and materials were used by the defendant in the manufacture of several specified kinds of cloth between certain material dates; and that the defendant has in its possession books and writings which will show what quantities of goods were manufactured by the defendant in the manufacture of which such colors and materials were used; and praying, in substance, that the defendant may be required to produce "under said order and in further compliance therewith" all books and writings showing its total output in several specified lines of its business. It is evident that if the defendant fully complied with the order of December 21, 1899, the present application must be denied, unless it is to be treated as a new and independent motion under the statute. But it cannot with propriety be so considered, even if the presentation of the petition should be regarded as in substance a "motion" of which the defendant had "due notice." The prayer of the petition is that the defendant may be required to produce books and writings "under said order and in further compliance therewith," namely, the original order of production. Nor was it claimed on either side at the hearing that the

application was a new motion under the statute. Further, in view of the discretionary nature of the power of the court under section 724 summarily to give judgment of non-suit or by default, as the case may be, for non-compliance with an order of production, this court will not favorably act on any application for production ambiguous on its face or which does not clearly conform to the requirements of the section. To pursue a different course would necessarily result in many cases in rendering questionable the validity of the judgment given for non-compliance. Strict conformity to the plain requirement of a "motion and due notice thereof" is not too much to exact from parties and imposes no hardship on them. The defendant either did or did not fully comply with the order of December 21, 1899, by the production of books in this court March 5, 1900. If there was such full compliance this application must be denied, without regard to any disappointment of the plaintiff's expectations as to the contents or intelligibility of the books produced. If there was not full compliance the court is authorized, on motion of the plaintiff, to give judgment against the defendant by default. But it is contended on the part of the plaintiff that the giving of such a judgment is not the exclusive, but only a cumulative, remedy in case of non-compliance. It is urged that the provision that the court may "require the parties to produce books or writings * * * in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery," carries with it power to compel such production by attachment. This contention cannot, in my opinion, be sustained. While the section empowers the court to require parties to produce in cases and under circumstances where they might by the ordinary rules of proceeding in chancery be compelled to produce, it does not provide that they may be so compelled in like manner as in chancery. The section is very different from the Delaware statute on the subject. By the latter the state court "making such order, shall have the same power for enforcing it which is exercised by the court of chancery in like cases." Section 13, c. 107, Rev. Code Del. But no such provision is contained in section 724. Construing the whole section together, in case of non-compliance by one party the remedy of the other is restricted to the obtaining, in the discretion of the court, of a judgment of non-suit or by default, as the case may be. Iasigi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993; Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201, Fed. Cas. No. 9,448. The plaintiff, however, has not moved for judgment against the defendant for non-compliance with the order of December 21, 1899. Under the statute a motion is necessary to the obtaining of such a judgment. Indeed, at the hearing it was stated on the part of the plaintiff that the making of such a motion at that time was not in contemplation, as the securing of a judgment by default without the ability to prove the quantum of damages sustained by the plaintiff would be of little or no avail. It is manifest that whatever difficulty may confront the plaintiff does not grow out of any non-compliance by the defendant with the order of production. The affidavit of its president filed at the

time of the production of the books in court shows compliance with the order so far as it was within the power of the defendant to comply. There is no evidence in the case contradicting or tending to discredit the allegations in that affidavit. It seems that the books produced by the defendant do not contain such entries as to impart to the plaintiff the information it desires, and in order to obtain it the plaintiff, as stated by its counsel at the hearing, now asks to have the defendant compelled to produce books and writings showing its total output in certain lines of its business to enable the plaintiff to prove by testimony, expert or otherwise, what quantities of pulp colors and other colors and materials similar or substantially similar to those furnished by Victor G. Bloede to the defendant prior to June 9, 1891, entered into the goods constituting such output. Whether an order so broad in its scope would be proper, if duly applied for, it is unnecessary now to determine. It certainly cannot be granted on the present application. In view of the conclusion reached there is no occasion to discuss the exceptions taken to the answer made to the petition. The petition must be dismissed with costs.