## Case No. 7,167.

### JACQUES v. COLLINS et al.

[2 Blatchf. 23.] [1]

Circuit Court, S. D. New York.  May 25, 1846.

Francis B. Cutting, for plaintiff.

Seth P. Staples and John Anthon, for defendants.

BETTS, District Judge. The petition now presented conforms to the course of practice in the state courts (Grah. Pr. bk. 3, c. 6), but an objection is taken to its sufficiency, on the ground that, if it were filed in chancery to compel a discovery of the same papers, it would be bad on general demurrer, and that the present proceeding is substantially of the same character as if it were had in equity.

The supreme court of New York seems to regard the state statute as transferring to the law courts the jurisdiction and practice of chancery in relation to this subject of discovery, to be exercised conformably to standing rules of court. Townsend v. Lawrence, 9 Wend. 458. There is a difference, however, in the terms of the state and United States statutes, which may perhaps require some diversity of proceeding in executing them. 2 Rev. St. 199, §§ 21, 22; Act Sept. 24, 1789, § 15 (1 Stat. 82). The act of congress requires that the circumstances shall be those in which a discovery would be decreed in chancery, but it in no respect designates the chancery practice as the mode by which the law courts shall execute the power. It also differs from the state statute in limiting the proceeding to cases in which issue is joined, and in which it is made to appear satisfactorily to the court that the evidence required to be disclosed will be pertinent to such issue.

No method of proceeding being prescribed by congress, this court has always considered the purpose of the act best fulfilled by adopting the most simple and expeditious course of procedure, and avoiding the formalities of a bill of discovery in chancery. A mere notice to the opposite party of the time and place of application, and a plain designation of the documents or pieces of evidence sought for, have been acted upon in this court as sufficiently fulfilling the terms of the law.

The standing rules of this court make no direct provision for this proceeding, and the adoption by them of the state rules, to apply in cases where none are specifically established by this court, may very well embrace the regulations of the supreme court of the state governing these applications. The petition in this case, whether considered in that view, or only in relation to its constituent parts, is sufficient in

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

substance, and adequate notice has been given to the plaintiff. The objection, therefore, that the petition is defective as a bill of discovery, cannot avail, and the plaintiff must produce and leave with the clerk the papers called for by the petition, or, at his election, serve copies of them on the defendants' attorney.