## Case No. 6,993.

### IASIGI et al. v. BROWN et al.

[1 Curt. 401.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

PRODUCTION OF BOOKS AT TRIAL—PENALTY—BILL OF DISCOVERY AS BAR.

1. The 15th section of the act of September 24, 1789 (1 Stat. 82), empowering the courts of the United States to compel the production of books and papers in trials at law, has so far altered the common law as to inflict upon the party the penalty of a nonsuit or default, upon the nonproduction of a paper, instead of merely letting in the opposite party to parol proof.

[Cited in U. S. v. Youngs, Case No. 16,783; Exchange Nat. Bank of Atchison v. Washita Cattle Co., 61 Fed. 191.]

2. An order to produce may be applied for before trial, upon notice.

3. A prima facie case of the existence of the paper, and its materiality, must be made out, and the court will then pass an order nisi, leaving the opposite party to produce, or show cause at the trial, where alone the materiality can be finally decided.

[Cited in Gregory v. Chicago, M. & St. P. R. R., 10 Fed. 529; Kirkpatrick v. Pope Manuf'g Co., 61 Fed. 48.]

4. The fact that a bill of discovery has been filed and answered, but the papers not produced, is not a bar.

This was a motion, grounded on affidavit, to compel the production and delivery to the clerk of the court, of certain papers alleged to be material on a trial at law of this action. The existence of the papers and their materiality, were not denied. But the motion was resisted on the ground that the party moving had already filed a bill of discovery, covering many of the facts of

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

the case, and, among others, these documents; and though copies of them had not been annexed to the answer, yet their contents were described; and it was urged that, having resorted to this mode of discovery, the party must read the answer, and could not have the benefit of the order under the act of congress.

CURTIS, Circuit Justice. By the common law, a notice to produce a paper, merely enables the party to give parol evidence of its contents, if it be not produced. Its non-production has no other legal consequence. This act of congress has attached to the non-production of a paper, ordered to be produced at the trial, the penalty of a nonsuit or default. This is the whole extent of the law. It does not enable parties to compel the production of papers before trial, but only at the trial, by making such a case, and obtaining such an order as the act contemplates. The applicant must show that the paper exists, and is in the control of the other party; that it is pertinent to the issue, and that the case is such that a court of equity would compel its discovery.

The application for such an order may be made, on notice, before trial. There is a manifest convenience in allowing this. But, at the same time, I think the court should not decide finally on the materiality of the paper, except during the trial; because it would occupy time unnecessarily, and it might be very difficult to decide before hand, whether a paper was pertinent to the issue, and whether it was so connected with the case, that a court of equity would compel its production. These points could ordinarily be decided without difficulty during a trial, after the nature of the case, and the posture and bearings of the evidence are seen.

If the notice is made before the trial, the correct practice seems to me to be, after the moving party has made a primâ facie case, to enter an order nisi; leaving it for the other party to show cause at the trial. He must then come prepared to produce the paper, if he fails to show cause. I think such an order should be made in this case. The fact that a bill of discovery was filed, is not a bar. If the answer contained what it alleged to be copies of the papers, the party would still have a right to use the originals. He is not bound to act upon the assumption that the copies are correct; and, in some cases, correct copies are not equivalent to originals. Under the laws of the United States, both the remedy by a bill of discovery, and by an order to produce, are given. If a party chooses to go to the expense of both, the court cannot deprive him of one of them, unless it can clearly see that the other has been completely effectual, so that any further proceeding must be simply useless, or intended to harass the other party. That is not so here. The answer does not contain. or annex, even copies of the papers called for.

Let an order be entered to produce, at the trial, the papers described in the motion, or show cause at the trial why the same are not produced.