## Case No. 9,447.

MERCHANTS' NAT. BANK v. VALLEY BANK.

[Cited in Keppel . Petersburg R. Co., Case No. 7,722. Nowhere reported; opinion not now accessible.]

---

MERCHANTS' NAT. BANK (WRIGHT v.).
See Cases Nos. 18,084 and 18,085.

---

## Case No. 9,448.

MERCHANTS' NAT. BANK OF BOSTON v. STATE NAT. BANK OF BOSTON.

[3 Cliff. 201.][1]

Circuit Court, · D. Massachusetts. Oct. Term, 1868.

PRACTICE IN CIVIL CASES—PRODUCTION OF BOOKS —AT LAW — IN EQUITY — SUBPOENA DUCES TECUM—NOTICE TO PRODUCE—EFFECT OF — WHEN PRODUCED.

1. The word "require" in section fifteen of the judiciary act [1 Stat. 82], when taken in connection with a subsequent clause, does not mean to include a power in the circuit courts to compel a compliance with an order to produce books or writings; but if the party against which the order is passed shall fail to comply, then it shall be lawful for the court to give judgment, if against the defendant, the same as in case of default, if against the plaintiff, the same as in case of nonsuit.

2. At common law parties were not competent witnesses, and they could not be compelled to attend, by writ of subpoena, or bring with them any writings pertinent to the issue, by the writ of subpoena duces tecum.

[Cited in Bischoffsheim v. Brown, 29 Fed. 343; Edison Electric ·Light Co. v. United States Electric Lighting Co., 44 Fed. 300; Johnson Steel Street-Rail Co. v. North Branch Steel Co., 48 Fed. 195.]

3. Notice to produce was at law the only method of a party desiring the production of papers by the other, unless he resorted to equity. Such notice, however, only laid the foundation for the production of secondary proof.

4. The conditions under which the power to require the production of writings, etc. should be exercised are: The motion must be in a case at law; the writings, etc. must appear to be in the possession of the party against whom the order is passed; it must appear that they contain evidence pertinent to the issue, and that the circumstances are such that the party might be compelled to produce them, as provided in the section referred to.

5. The order may be absolute or nisi.

6. Production before the trial is not perhaps contemplated by the provision, unless there is just ground to apprehend that the writings may be destroyed, or transferred to another, or removed out of the district, in which cases the order should be made without delay, and absolute.

7. In the case of incorporated banks having officers well known as the custodians of their books and papers, notice should be given for such officers to produce any document desired in the case.

Motion by plaintiffs that defendants be required to produce certain documents or writings in their possession.

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

Sidney Bartlett and J. G. Abbott, for plaintiffs.

B. R. Curtis, C. B. Goodrich, and B. F. Thomas, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Power is conferred upon the circuit court, by the fifteenth section of the judiciary act, in the trial of actions at law, on motion of either party, and due notice thereof being given, to require the opposite party · to produce any books or writings in his possession or power, which contain evidence pertinent to the issue in cases, and under circumstances where the party might be compelled to produce the same by the ordinary rules of proceeding in chancery. 1 Stat. 82.

Evidently the word "require," when taken in connection with the subsequent clause of the same section, does not include a power to compel a compliance with the order and direction of the court. On the contrary, the provision is, that if a plaintiff shall fail to comply with such order, it shall be lawful for the court, on motion, to give the like judgment for the defendant as in case of nonsuit, and if a defendant fail to comply with the order it shall be lawful for the court, on motion, to give judgment for the plaintiff, as in case of a default. Evidence is essential in the trial of actions at law; and the acts of congress, and the rules and usages of courts, provide the means for compelling the attendance of necessary witnesses for the purpose, and the production of books and writings material to the issue. Circuit courts, as well as all other federal courts, may issue any writ necessary for the exercise of jurisdiction, agreeably to the principles and usages of law, and of course they may issue the writ of subpoena, to compel the attendance of witnesses. They may also issue the writ of subpoena duces tecum, to compel the attendance of a witness, and also to require him to bring with him books and writings in his possession containing evidence material to the issue in a pending action. Parties were not competent witnesses at common law, and of course they could not be compelled to attend the trial, by the writ of subpoena, or to attend and bring with them any books or writings in their possession which were pertinent to the issue, or which might tend to elucidate the matter in controversy, by the writ of subpoena duces tecum. Notice to produce was the only remedy of a party in a suit at law, unless he resorted to equity, in case the other party to the record had in his possession books or writings containing evidence material in the trial. Such notice, however, never enabled the party to compel the production of such books or writings. All the effect it had was to lay the foundation for the introduction of parol or secondary proof of their contents, in case it appeared that the books and

writings described in the notice were in the possession of the party notified, and that he refused to produce them at the trial, as requested. Recent acts of congress make parties, where the suit is between individuals, competent witnesses, which in many cases affords a better and more certain remedy in relation to books and writings in possession of the opposite side, than notice to produce. Besides these common-law remedies to obtain such books and writings, when "pertinent to the issue," power is conferred upon the circuit and district courts of the United States to require a party, in the trial of actions at law, to produce books or writings in his possession or power, if it appears that they contain evidence pertinent to the issue, and the case and circumstances are such that he might be compelled to produce the same by the ordinary rules of proceedings in chancery suits. Undoubtedly the power conferred is a discretionary power, but it is one which should be firmly exercised in a case falling within the conditions specified in the provision, when it appears that there is just ground to apprehend that delay will defeat the action of the court, and that the party is unable to obtain the evidence by subpoena duces tecum, and that the case and circumstances are such that notice to produce is not a safe and adequate remedy. Unless the case is shown to be one within the conditions specified in the provision, the power "to require" or pass the order does not exist. Those conditions are that the motion must be in a case at law, and on due notice to the opposite party, and it must appear that the books or writings are in the possession or power of the other party, and that they contain evidence pertinent to the issue, and that the case and circumstances are such that the party might be compelled to produce the same, as therein provided. No doubt is entertained that the motion may be made, in a pending action at law, before the day of trial; but the requirement of the order of the court must perhaps be that the books and writings be produced at the trial of the action. Such an order may be absolute or nisi, as the circumstances may justify or require. Production before the trial is not perhaps contemplated by the words of the provision, nor is it in general necessary, as the penalty, in case of failure to comply with the order, is not arrest and imprisonment until the party comply, as for a contempt, but a judgment of nonsuit, or default, as the plaintiff or defendant is the offending party. Where the motion is accompanied by satisfactory proof that the case is one in all respects within the conditions of the provision, and it is also satisfactorily shown that there is just ground to apprehend that the books and writings may be destroyed or transferred to another, or removed out of the jurisdiction before the day of trial, the order should be made without delay, and be absolute. On the other hand, if there is no suggestion of fraudulent intent to suppress the documents, and the evidence to show that they contain any matter pertinent to the issue is not satisfactory, the order, if made at all, should be made nisi, or the application may be refused.

Danger that the evidence, if any, will be suppressed, or that the books and witnesses will be transferred, or that they will be removed out of the jurisdiction, is not suggested in this case, and the evidence to show that the case is one within the conditions of the provision is not entirely satisfactory. Were there no other objections to the granting of the motion, we should be constrained to deny it, but there is another even more decisive than those already suggested. Incorporated banks have officers for the transaction of their business, and some one or more of those officers, as provided by law, and the usages of such institutions, have the possession of the books and papers, and are known as the legal custodians of everything belonging to the corporation. Heretofore the commands of the subpoena duces tecum have been ample to obtain such evidence as that described in the motion, and the court is not satisfied that the same process will not have a like salutary effect in this case. Should it fail, it will then become the duty of the court, in case a proper application is made, to exercise all the power it possesses to afford an adequate remedy to the moving party in this case.

Motion denied.