## Case No. 16,782.

### UNITED STATES v. YOUNG.

[See In re Crittenden, Case No. 3,393.]

---

## Case No. 16,783.

### UNITED STATES v. YOUNGS et al.

[10 Ben. 264.] [1]

District Court, S. D. New York. Feb., 1879.

EVIDENCE—PRODUCTION OF BOOKS AND PAPERS BY THE UNITED STATES.

1. Although a bill of discovery will not lie against the United States, yet under Rev. St.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

U. S. § 724, which is a re-enactment of the statute of 1789, c. 20, § 15 [1 Stat. 82], the United States will be compelled to produce the official weigher's returns of the weight of merchandise, on the motion of a defendant sued for a balance of duties alleged to be due thereon, the defence being that the duties are fully paid, and the motion being supported by affidavit that an inspection or copies of the returns is necessary to enable the defendant to prepare for trial.

[Cited in U. S. v. Hutton, Case No. 15,433.]

2. The remedy given by the statute is not confined to production of books and writings upon the trial.

Nash & Holt, for the motion.
Mr. Tenney, Asst. U. S. Dist. Atty.

CHOATE, District Judge. This is a suit to recover a balance of duties alleged to be due to the United States on certain sugars imported by the defendants [Thomas F. Youngs and others]. The answer alleges that the sugars were weighed by the government weighers and their true net weights so ascertained were duly entered in books of the government, and that the defendants have fully paid the duties on such weights. This is a motion to compel the production by the plaintiff of the official weighers' returns of the weights of the sugar, and the motion is supported by affidavits showing that an inspection or copies of these returns are necessary to enable defendants to prepare for trial.

The right to this discovery is claimed under Rev. St. U. S. § 724, and also under section 805 of the New York Code. Rev. St. § 724, which is a re-enactment of section 15 of the act of 1789, c. 20, provides that: "In the trial of actions at law the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of non-suit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default." In the case of Central Bank of Georgetown v. Tayloe [Case No. 2,548], it was held that the production of books and papers under this statute could be compelled before the trial, and to enable the party to prepare for trial as well as upon the trial. And in this circuit the practice has followed this construction of the act,—Jacques v. Collins [Id. 7,167]; Finch v. Rikeman [Id. 4,-788],—although in the cases of Iasigi v. Brown [Id. 6,993], Mr. Justice Curtis held that the production of papers could only be compelled at the trial.

It is objected on the part of the plaintiff, that the books called for would not be in themselves evidence for the defendants, but the statute surely is not limited to those documents that prove themselves. As to most books and papers the production of which is compelled on motion or by bill of discovery, they are only admissible in evidence in connection with the testimony of a witness or witnesses. And in this case there is no doubt of the pertinency of these weighers' returns in connection with the testimony of witnesses who may be called. It is evident that an inspection or copies of these documents are necessary to enable the defendants to prepare for trial.

It is further objected that the documents called for are not in the possession of the district attorney but in the custody of the collector of the port, an independent officer of the government, holding them under statutes imposing this duty upon him. I cannot perceive that they are any the less "in the possession or power" of the United States on that account. The government here suing as plaintiff has many agents, like a corporation, but whatever is in the official custody of its agents is in its possession or power as truly within the meaning of this act as the books of a corporation are within its possession or power, though lodged with particular officers whose duty as to the custody of such books may be defined or prescribed in the charter or by-laws of the corporation. There seems to be no reason for excepting the United States from the operation of this act. It is not expressly excepted. The reasons for granting the relief apply with equal force to suits in which the government is a party as to suits between private persons. The reference in the statute to proceedings in chancery, evidently meaning by bill of discovery, is not used as limiting or designating the parties against whom the power of the statute may be invoked. It appears merely to and is used to define the cases and circumstances under which the power will be exercised, that is to say, the evidence must be of that kind which can be compelled by a bill of discovery and the circumstances necessary to be shown upon a bill of discovery as to the relevancy of the evidence and the necessity for its production, etc., must be shown to compel its production on motion. The fact therefore that a bill of discovery would not lie against the United States is immaterial. The reason it would not lie is that the United States could not be sued as a defendant, a merely technical obstacle to discovery in that way. The remedy by motion is free from any such technicality. When the United States comes into court as a suitor it subjects itself, like any other suitor, to be proceeded against by motion in the cause, in any matter in which parties in the action have by statute or the practice of the court the right to relief by motion secured to them. The statutes prescribing the duties of the collector in the safe keeping of custom house documents and the regulations of the treas-

ury department made under the statute, authorizing the secretary of the treasury to prescribe rules for the government of the collector in that respect, have no relation to the production of these documents as evidence, either under subpœna duces tecum or on motion under this statute. There is nothing in the statutes of the United States withdrawing these documents from use as evidence in the courts of the United States, or even providing for the use of office copies of them in place of the originals, as is the case with papers in the executive departments. Motion granted.