### EXCHANGE NAT. BANK OF ATCHISON v. WASHITA CATTLE CO.

(Circuit Court, E. D. Missouri, E. D. April 27, 1894.)

PRACTICE—PRODUCTION OF BOOKS AND PAPERS.
The power given the federal courts to order the production of books and papers (Rev. St. § 724) includes power to grant an inspection before trial, with permission to make copies.

This was an action by the Exchange National Bank of Atchison, Kan., against the Washita Cattle Company. Plaintiff moves for an order for the inspection of books and papers.

McDonald & Howe, John T. Cochran, and B. P. Waggener, for plaintiff.

Lee, McKeighan & Priest, for defendant.

THAYER, District Judge. This is a motion by the plaintiff to obtain an inspection of the defendant's books and permission to take copies of entries therein, the case being now at issue. The jurisdiction to make such an order must be derived from section 724, Rev. St. U. S. as the state statute is not applicable. Gregory v. Railroad Co., 10 Fed. 529. The statute (section 724) says nothing about an order for the inspection of papers and permission to take copies of entries, etc., but it must be presumed that the purpose of compelling a party to produce his books is to enable the opposite party to examine them, and, if necessary, to make copies of entries. Therefore it is reasonable to hold, and the court so decides, that the power to order the production of books includes the power to grant an inspection; and so it was ruled by Judge Love in Gregory v. Railroad Co., supra. In some cases it has been decided that, on motions of this kind, the proper order to be entered is to require the production of the books at the trial. Merchants' Nat. Bank v.

State Nat. Bank, 3 Cliff. 201, Fed. Cas. No. 9,448, and Iasigi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993. Other courts have adopted the practice, which seems to me more reasonable, of granting an inspection previous to the trial. Bank v. Tayloe, 2 Cranch, C. C. 427, Fed. Cas. No. 2,548; Jacques v. Collins, 2 Blatchf. 23, Fed. Cas. No. 7,167; and Gregory v. Railroad Co., supra.

Upon the whole, I conclude that an order of inspection, with permission to take copies, should be granted.

Ordered on the written application of the plaintiff by its attorney, due notice of which has been given, that the plaintiff's attorneys have leave to inspect the records of the Washita Cattle Company containing the proceedings of its stockholders and board of directors, and to take copies of such entries or proceedings therein as they may deem necessary, such examination to be made at the defendant's office or elsewhere between the hours of 9 a. m. and 3 p. m. on any week day or week days, between April 30, 1894, and May 14, 1894, and said defendant, its officers and agents, having the custody of such records or books, are hereby required to permit such examination to be made.