PENNSYLVANIA R. CO. v. INTERNATIONAL COAL MINING CO.

(Circuit Court of Appeals, Third Circuit.    November 13, 1907.)

No. 14.

APPEAL AND ERROR—REVIEWABLE ORDERS—REQUIRING PRODUCTION OF DOCUMENTS.

An order made by a Circuit Court under Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], requiring a party to an action at law to produce books or writings at the trial, is an interlocutory and not a final order, and is not reviewable on a writ of error prior to final judgment in the cause.

[Ed. Note.—Orders, decrees, and judgments reviewable. See note to Salmon v. Mills, 13 C. C. A. 374.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 152 Fed. 557. See, also, 152 Fed. 554.

Francis I. Gowen, for plaintiff in error.

J. W. M. Newlin, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. The International Coal Mining Company, the defendant in error, hereinafter called the plaintiff, brought its action in the court below against the Pennsylvania Railroad Company, the plaintiff in error, hereinafter called the defendant, under the interstate commerce act, to recover damages against the defendant, for its alleged violation of certain provisions of that act, by discriminating against the plaintiff in the allowance of freight rates upon coal.

To the statement of claim filed by plaintiff, defendant pleaded the general issue of "not guilty," the statute of limitations, and a special plea, which set up a judicial sale under a special fi. fa., issued in execution of a judgment rendered by a court of common pleas of the state of Pennsylvania, against the said plaintiff, the defendant in said judgment, it being alleged that, by virtue of said sale, the right of action under the interstate commerce act, as alleged in the case at bar, was sold, and plaintiff's title thereto divested, and that that fact was a bar to the further prosecution by the plaintiff of its suit. To this special plea, the plaintiff filed several replications, to which the defendant demurred. These demurrers were overruled, and, after an intervening continuance of the cause, and at that stage of the suit, upon the petition of plaintiff's attorney, the following order was made by the court below:

"And now, January 30, 1907, on the filing of the affidavit of J. Chester Wilson, secretary of the plaintiff and International Coal Mining Company, and on motion of James W. M. Newlin, attorney for the plaintiff, and for Edward D. McLaughlin, Esq., trustee in bankruptcy for plaintiff as an intervener, the court grants a rule on the defendant to show cause why it should not be required to produce on the trial of this cause the papers and writings specified in said affidavit or to satisfy the court why it is not in its power to do so, returnable February 13, 1907, at 10 a. m."

On the return day of the rule, the defendant made answer, suggesting, first, that the plaintiff was not entitled to the orders sought by it, because of the facts averred and set forth in the special plea filed by the defendant, and, second, that no warrant existed under the statutes of the United States for the making of any such order as was sought by the plaintiff in an action of the character of the present one, being an action to recover damages in the nature of penalties. On March 25, 1907, the court below filed an opinion, in which the objections urged in the defendant's answer were overruled, and, asserting the right of the court to make the order, as asked for by the plaintiff, it was said:

"The plaintiff in this case is entitled to the production of such books and papers as are relevant and pertinent to the issues involved; but the court will not make the rule absolute, as the question of the relevancy of whatever books and papers are called for must be passed upon at the trial. It is ordered, therefore, that the defendant be required to produce the books and papers specified in the petition, at the trial of the cause, unless it shows cause at the trial why the same should not be produced."

On April 3, 1907, the court below filed the following opinion and order:

"On March 25, 1907, an order was made on the defendant in this case, to produce books and papers at the trial of the case. A petition had been presented, under section 724 of Revised Statutes [U. S. Comp. St. 1901, p. 583], by the plaintiff for the production of books and papers. The defendant made answer, with other matters, that the action being one for the recovery of damages, in the nature of a penalty under the interstate commerce act, the motion should be denied. The order to produce was not made absolute, but the question of requiring the production was left open for settlement at the trial. In this, I think the order was not in proper form. It was the intention of the court to require the production of the books, for the reason that the action is not for a penalty in a sense to exempt the defendant from the production of books in an action of this kind, and even if it be regarded as a suit for the recovery of damages as a penalty, or in the nature of a penalty, the defendant, being a corporation, is not entitled to the privilege of refusing to produce its books and papers in a suit of this kind. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Nelson v. U. S., 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673.

"And now, April 2, 1907, on motion of James W. M. Newlin, for the plaintiff, and the answer, filed by the defendant to the rule returnable February 13, 1907, on the defendant to show cause why it should not produce upon the trial the documentary evidence set forth in the affidavit of J. Chester Wilson, the secretary of the plaintiff, upon which the rule to show cause was granted, having been determined by the court to be insufficient, it is ordered that the defendant shall produce the said documentary evidence at the trial of the cause, and the rule to show cause is made absolute."

Thereupon, April 4, 1907, the defendant filed his petition for a writ of error, which being allowed by the court below, the following assignments of error were duly filed:

"First. The Circuit Court erred in entering the order of March 25th, requiring the plaintiff in error to produce at the trial of the cause the books and papers referred to in said order.

"Second. The Circuit Court erred in entering the order of April 3d, requiring the plaintiff in error to produce at the trial of the cause the books and papers referred to in said order."

The return to the writ of error so sued out, brings before this court the record of the case, as far as it had proceeded in the court below, terminating with the order above referred to, of April 3, 1907, "that the defendant shall produce the said documentary evidence at the trial of the cause."

Prior to the argument on the assignments of error, the defendant in error, by its counsel, moved this court to dismiss the writ of error for want of jurisdiction, on the ground that the orders complained of in said assignments of error are interlocutory orders of the court below, and not final decisions of said court, within the meaning of section 6 of the judiciary act of March 3, 1891 (26 Stat. 1110, c. 566 [U. S. Comp. St. 1901, p. 339]). The plaintiff in error, however, contends that the said orders, one or both, are final, within the ratio decidendi of the judgment rendered by this court in the recent case of Cassatt et al. v. Mitchell Coal & Coke Co., 150 Fed. 32, 81 C. C. A. 80. As both orders cannot be treated as final, we may consider the order of April 3, 1907, modifying that of March 25, 1907, as the order complained of in the assignments of error. This was an order, absolute on its face, to produce the books and papers set

forth in the petition of the plaintiff at the trial of the cause, and is prima facie in accordance with the authority conferred upon the court by section 724 of the Revised Statutes, which is as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant, as in cases of non-suit, and if a defendant fails to comply with such order, the court may, on motion give judgment against him by default."

The extent of the power conferred by this section upon trial courts, was fully considered by this court in the case above referred to, the pertinent facts of which are thus stated in its opinion:

"The defendant filed a plea that it was not guilty. After issue was thus joined, and before the time for the trial of the action, the plaintiff filed in the circuit court a petition, in which, after setting forth the nature of the action at law, and declaring that the defendant and Alexander J. Cassatt, president, John B. Thayer, fourth vice president, and 10 other specifically named officers and employés of the defendant, had in their possession or power certain books and papers containing evidence pertinent to the issue, there was a prayer for an order requiring the defendant, and its said officers and employés, to produce said books and papers at the trial, and also for the inspection of the plaintiff's representatives before trial. The application for the order was based on section 724 of the Revised Statutes. .* * *

"With the petition and answer before it, the Circuit Court, on the return of the rule to show cause, 'adjudged, ordered and decreed' that Alexander J. Cassatt, president, John B. Thayer, fourth vice president, and 10 other officers and employés of the defendant, 'produce on the trial of this cause,' the books and papers described in the petition, and also that they produce them before trial at a specified time and place for the inspection of the plaintiff, with leave to the plaintiff to make copies thereof.

"This order is now before us for review on a writ of error sued out by Alexander J. Cassatt, John B. Thayer, and the ten other officers and employés of the defendant company."

It is to be observed that, though the petition was for an order against the defendant and the ten persons named, the order is against those ten persons alone, and not against the defendant.

The plaintiff, the Mitchell Coal & Coke Company, contended that this court had no power to review the order on this writ, and moved for its dismissal, on the ground that it was not a final decision within the meaning of section 6 of the judiciary act of March 3, 1891. The court, however, decided that the plaintiff in error had been subjected to the jurisdiction of the circuit court and made liable to its order in a proceeding collateral to and independent of the action at law, and as the order was a decision of all the matters involved in that proceeding, and left nothing to be done, except the ministerial act of executing it, by producing the books of the defendant company, both before and at the trial of the action, it was, in so far as it required production before the trial, a "final decision," reviewable on a writ of error. It was then decided that the plaintiffs in error were not parties, within the meaning of section 724, and that the order was therefore void for that reason. As this point, however, related to a technical defect in the procedure, that could be corrected by an application to the circuit court for a new order, directed to the defend-

ant company and not to its officers, this court thought it incumbent upon it to consider the question whether the Circuit Court has the power, under section 724, to order a party to produce its books or papers before the time of trial, and concluded, for reasons stated in the opinion of the court, that section 724 does not confer such power. In the course of its opinion, the court said:

"A construction of section 724, which limits the power of the court to an order to produce the books at the trial, leaves the party against whom the order is made in a position where he may take exceptions to the rulings of the court at the trial, requiring obedience to the order, or concerning the admissibility of the books, and thereby secure a record on which a writ of error will operate. But an order to produce before trial, if it be disobeyed, will be wholly nugatory, for the reason that the penalty prescribed by the section— the entry of judgment against the disobedient party—cannot be lawfully imposed."

It will be seen, therefore, that the plaintiff in error has misapprehended the meaning and scope of this court in the case referred to. In the case at bar, the order, which is the subject-matter of the writ of error, was made against a party to the suit, to produce at the trial thereof the books and writings mentioned therein, thus differing in the respects pointed out from the order under consideration in the Cassatt Case.

It is apparent on the face of section 724, that to a certain extent the discretion of the court is appealed to, in asking for the order to produce books and writings; certainly to the extent that the court, upon such an application, must decide that, prima facie, the books and writings mentioned are in the possession or power of the party against whom the order is sought to be made, that the evidence they contain is not clearly irrelevant to the issue, and that the circumstances are such as that the party might be compelled to produce the same by the ordinary rules of proceeding in chancery. The court may exercise this power, therefore, in any form adapted to promote its efficiency and effect the purpose of the act. The order in this case, of March 25, 1907, to show cause at the trial, afterwards modified by the order of April 3, 1907, by making the order to produce absolute in its terms, was an order within the terms and issued within the spirit and meaning of the act. That under the rule to show cause of March 25, 1907, the objections of the defendant to the power and jurisdiction of the court to make the order, were heard and overruled, whether prematurely or not, does not preclude the defendant from taking "exceptions to the rulings of the court at the trial, requiring obedience to the order, or concerning the admissibility of the books." Such exceptions, and the rulings thereon, can clearly be made a part of the record of the case, and subject to the operation of a writ of error sued out on its final decision.

It follows, therefore, that the order of the court below complained of, was one of those subsidiary orders, the legality and propriety of which must be determined at and during the progress of the trial; that it was interlocutory, and not final, and therefore not reviewable by this court on writ of error.

The writ of error is therefore dismissed.