CARPENTER et al. v. WINN.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

No. 19.

DISCOVERY (§ 86*)—BOOKS AND PAPERS—PRODUCTION BEFORE TRIAL.

Under Rev. St. § 724 (U. S. Comp. St. 1901, p. 583), declaring that in actions at law United States courts may require defendants to disclose books or writings in their possession or power which contain evidence pertinent to the issue in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery, a federal court, in an action against certain brokers to recover damages for improperly closing certain cotton contracts belonging to plaintiff, had jurisdiction to require defendants to exhibit their books before trial, and permit plaintiff to investigate, copy, and make abstracts from the same, and to give judgment to plaintiff by default for defendant's refusal to comply with such order.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment entered against plaintiffs in error, who were defendants below. The action was brought at law to recover damages claimed to have been sustained on contracts for the purchase of cotton on the floor of the New York Cotton Exchange, which contracts plaintiff below alleged he employed defendants to make in their own names but in his behalf. It was alleged that they sold out the same without calling on him for margin and without his consent. After the cause was at issue plaintiff made a motion under section 724, Rev. St. (U. S. Comp. St. 1901, p. 583), for an order directing defendants to exhibit their books before trial and permit plaintiff to investigate, copy, and make abstracts of the same. The motion was granted, and order to that effect made and served. Defendants refused to comply with such order on the ground that the court had not authority to make it. Thereupon, motion being duly made, the court gave judgment against defendants by default, as prescribed in the section above cited.

John R. Abney, for plaintiffs in error
Boothby & Baldwin, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The question whether under section 724 (U. S. Comp. St. 1901, p. 583), a party could be required to produce his books and papers before trial, is one which has been frequently considered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The decisions rendered in different districts are not harmonious. A very full review of these decisions will be found in Bloede v. Bancroft (C. C.) 98 Fed. 175, where it was held that production of the books in advance of trial could be required. Since that decision, however, the Circuit Court of Appeals in the Third Circuit has held the other way. Cassatt v. Mitchell Coal & Coke Co., 150 Fed. 32, 81 C. C. A. 80, 10 L. R. A. (N S.) 99. A majority of us are in accord with the reasoning and conclusion in Bloede v. Bancroft, and since the practice there approved has been the practice in this circuit for several years, and is in harmony with the provisions of the state Code of Procedure, we are all unwilling to adopt the conclusions of the Circuit Court of Appeals of the Third Circuit. Moreover, the weight of decisions in the different circuits seems to be in accord with Bloede v. Bancroft. It is unfortunate, perhaps, that there should be diversity in the practice in different circuits; but the remedy for that would be an application for certiorari to the Supreme Court.

The judgment is affirmed.